# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1646V
(to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
SAVANNA STARKEY, *on behalf of the estate of her minor son, R.S.*,

    Petitioner,

  v.

SECRETARY OF HEALTH AND HUMAN SERVICES

    Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Dated: September 6, 2023

*Anthony James Bucher,* Gatlin Voelker, PLLC, Covington, KY, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS**[1]

On August 2, 2021, SaVanna Starkey (on behalf of her minor son, R.S.) filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. Petitioner alleged that R.S. suffered adverse symptoms and then died on August 9, 2019, as a result of receiving several vaccines on August 8, 2019. *Id.*

Ultimately, I dismissed the case (prompted by Petitioner's motion requesting that very relief), but this occurred after I had explained in a status conference that theories linking vaccines to unexplained infant deaths (typically categorized as "Sudden Infant Death Syndrome" if the child, as here, is less than a year old) had routinely been rejected in numerous prior Program cases. Decision, dated May 2, 2023 (ECF No. 32).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated July 26, 2023 (ECF No. 35). This is Petitioner's first fees request. Petitioner requests a total of $16,309.81 ($14,727.50 in attorney's fees, plus $1,582.31 in costs) for the work of one attorney performed between August 2019 to the present. ECF No. 35 at 1. Respondent reacted to the fees request on July 31, 2023. *See* Response (ECF No. 37). Respondent is satisfied the statutory requirements for an award of fees and costs have been met, and defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$16,028.56**.

## ANALYSIS

**I.   Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was voluntarily dismissed, after I provided her the opportunity to outline a *different* causation theory, based on science not previously provided in the numerous comparable cases, that raised sufficient novel fact issues to allow this matter to proceed. Before dismissal, I had informed counsel that theories linking vaccines to unexplained infant deaths have routinely been *unsuccessful*, and I therefore had reasonable doubts about this claim's likely success, given a preliminary review of the medical records and the similarity of the theory to such prior matters. However, this case was originally assigned to another special master who allowed the claim to continue beyond what I would have allowed, and Petitioner dismissed her claim immediately after our status conference. And there exists the kind of minimal record support for the claim (proof of vaccination, and the tragic medical circumstances as well) that might reasonably prompt counsel unfamiliar with the Program's prior treatment of such claims to bring such an action.[5] Accordingly (and in light of the extremely lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible despite the fact that the claim was dismissed. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

[5] Counsel is cautioned, however, that future attempts to establish a vaccine-caused SIDS injury, if accompanied by similar facts or causation theories, will not be viewed as charitably when determining the appropriateness of a fees award.

The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney, based on the years work was performed:

| Attorney | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| **Anthony Bucher** | $365 | $387 | $411 | $435 | $460 |

ECF No. 35 at 10–12.

Anthony Bucher practices in Covington, Kentucky - part of the Cincinnati-area legal market, and which has previously been deemed by special masters to be a jurisdiction "in forum." Accordingly, the attorneys are entitled to the rates established in *McCulloch*. *See Callaghan v. Sec'y of Health & Hum. Servs.*, No. 19-1032V, 2022 WL 1863920, at *2 (Fed. Cl. Spec. Mstr. May 5, 2022). The rates requested for 2021-23 are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[6] *See Parrish v. Sec'y of Health & Hum. Servs.*, No. 21-1149V, 2023 WL 4311233, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023). Mr. Bucher has not been given a rate for 2019-20 in prior matters, but requests $365 and $387, respectively. These rates are comparable and in line with Mr. Bucher's overall Vaccine Program and legal experience and I shall adopt the rates herein. I thus find no cause to reduce their rates in this instance. I also award the time devoted to the matter as requested.

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited July 26, 2023).

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,582.31 in outstanding costs, including medical record retrieval costs, filing fee, travelling expenses, plus costs associated with the work of a pathologist. ECF No. 35 at 12. At the time Petitioner filed her motion, *none* of these costs were substantiated adequately—no receipts or corroboration for these costs were offered other than a firm-generated list titled "expenses." *Id.* At best, the docket itself confirmed that Petitioner did pay the filing fee. ECF No. 1 (listing a receipt). As set forth in the Second Supplement to the Vaccine Rules, attorney's costs must include an itemized list of all costs *and "*supporting documentation for each cost in the form of invoices, receipts, account statements, or any other document petitioner reasonable believes will substantiate the requested costs." Vaccine Rules, Second Supplement to Appendix B, 3(b).

Accordingly, I initially excluded the non-substantiated costs in ruling on the fees and costs. ECF No. 38 at 5. But Petitioner promptly sought reconsideration, and in so doing offered backup evidence to establish the reasonableness of 899.06 in costs – in addition to the filing fee, but still not corroborating the entirety of the $1,582.31 requested. ECF No. 39 at 4–9. I granted reconsideration, and now find that a portion of the costs I excluded – those that have been corroborated - should also be awarded. The $899.06 substantiated in the motion, plus the $402 filing fee, adds up to **$1,301.06**—with a notable $281.25 still unaccounted for (and which therefore will not be allowed).[7] Counsel is otherwise admonished in the future to file all evidence supportive of a fees and costs request with the original motion, or risk denial of any category that is not adequately substantiated.

---

[7] Any further request for reconsideration will be denied. Petitioner has been given two opportunities to file the appropriate documentation of costs, but has still failed to substantiate the entire portion requested.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$16,028.56**, reflecting $14,727.50 in attorney's fees and $1,301.06 in costs, in the form of a check made jointly payable to Petitioner and her lawyer, Mr. Anthony Bucher.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.